# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNIK VEDEL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TECH DATA CORPORATION TRANSACTING BUSINESS IN CALIFORNIA UNDER THE NAME: TECD CORPORATION, a Florida corporation; AVT TECHNOLOGY SOLUTIONS LLC, a Delaware limited liability company; and DOES 1 through 10,<br><br>Defendants. | CV 18-08067 DSF (PLAx)<br><br>**ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF PAGA SETTLEMENT AND REASONABLE ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARD** |

This matter came on regularly for hearing before this Court on October 28, 2019 at 1:30 p.m. Having considered the parties' Amended Settlement Agreement, the documents and evidence presented in support thereof, and recognizing the disputed factual and legal issues involved in this case, the risks of further prosecution, the benefits to be received by the State of California and the Aggrieved Employees pursuant to the Settlement, the fair, reasonable, and adequate nature of the settlement obtained as a result of good faith arm's-length negotiations between the parties, the Court makes a final ruling that the settlement is approved pursuant to Labor Code § 2699(l). Good cause appearing, the Court GRANTS Plaintiff's Motion for Approval of PAGA Settlement and Reasonable Attorneys' Fees, Costs, and Enhancement Award and ORDERS as follows:

1. The "Aggrieved Employees" shall be defined as:
   > All current and former employees of Tech Data with the title of "Professional Services Engineer" (or similarly titled position) who were employed from June 28, 2017 until the date that the Court approves this settlement ("PAGA Period").

2. The Court approves the Settlement as set forth in the Amended Settlement Agreement as fair, reasonable, and adequate, and directs the parties to effectuate the Settlement according to the terms of the Amended Settlement Agreement.

3. The Court orders that Defendants Tech Data Corporation Transacting Business in California Under the Name: TECD Corporation and AVT Technology Solutions LLC (collectively "Tech Data" or "Defendants") shall deposit the Maximum Settlement Amount of $90,000.00 to the Settlement Administrator within 30 calendar days of the Effective Date.

4. The Court approves, as to form and content, the Notice of PAGA Settlement and Release of Claims, submitted by the parties.

5. The Court appoints CPT Group, Inc. as Settlement Administrator.

1	6.	Within ten business days after the Effective Date, Defendants will provide CPT Group, Inc. with a list containing the Aggrieved Employees' full name, last known mailing address, last known telephone number, start date(s) of employment, end date(s) of employment, total pay periods worked, and Social Security numbers. The list will also include the sum total of all pay periods worked by Aggrieved Employees during the PAGA Period.

7.	CPT Group, Inc. is directed to mail the individual settlement payments and Notice of PAGA Settlement and Release of Claims to the Aggrieved Employees within two (2) business days of approval of the anonymized spreadsheet containing the individual settlement payments to each Aggrieved Employee and the data used to calculate said payments from the parties.

8.	Considering the unique circumstances of this case, including the change in the law, the Court finds that attorneys' fees in the amount of $30,000.00 for Plaintiff's Counsel, and reimbursement of litigation costs of $7,435.15 to Plaintiff's Counsel are fair, reasonable, and adequate, and orders that the Settlement Administrator distribute these payments to Plaintiff's Counsel as provided for in the Amended Settlement Agreement.

9.	The Court orders that the Settlement Administrator shall be paid $3,750.00 for all of its work done and to be done until the completion of this matter and finds that sum appropriate.

10.	The Court has been provided with very little information concerning the contribution of the Plaintiff and based on that information finds that an enhancement award of $2,000.00 to Plaintiff is fair and reasonable, and orders that the Settlement Administrator distribute this payment to Plaintiff as provided for in the Amended Settlement Agreement.

11.	The Court finds that the allocation of the Net Settlement Amount as Labor Code Section 2699(i) civil penalties, to be distributed 75% to the California

Labor & Workforce Development Agency(LWDA) and the remaining 25% to the Aggrieved Employees, is fair, adequate, and reasonable, and orders that payment be made to the LWDA in accordance with the terms of the Amended Settlement Agreement.

12. The Court approves the limited scope of the release. Following entry of this Order and Final Judgment, all Aggrieved Employees will release Defendants Tech Data Corporation Transacting Business in California Under the Name: TECD Corporation and AVT Technology Solutions LLC (collectively Tech Data or Defendants) and their former, present and future owners, parents, and subsidiaries, and all of their current, former, and future officers, directors, members, managers, employees, consultants, partners, shareholders, joint venturers, agents, successors, assigns, accountants, insurers, or legal representatives (collectively, the Released Parties) from any and all claims under PAGA that are pled in Plaintiff's First Amended Representative Action Complaint in the Action, or that could have been pled under the PAGA based on the factual allegations in Plaintiff's First Amended Representative Action Complaint, that arose during the PAGA Period.

13. On entry of this Final Order and Judgment, the Court permanently enjoins and forever bars Plaintiff and the Aggrieved Employees from instituting or prosecuting any action against the Released Persons that was resolved as part of the Amended Settlement Agreement. Without affecting the finality of this Final Order and Judgment in any way, the Court retains jurisdiction to enforce the terms of the Settlement.

IT IS SO ORDERED.
Date: December 16, 2019

_____
Dale S. Fischer
United States District Judge